### 20469. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY *v.* BROADNAX.

JENKINS, P. J. This was a suit for damages on account of the alleged breach of a policy of accident and health insurance, the petition alleging that the plaintiff was permanently disabled, that all premiums due had been paid, and that claims for weekly benefits had been submitted and payment refused, amounting to a breach of the contract of insurance, and seeking a recovery in the amount of weekly benefits due at the time of the filing of the suit, and of future benefits payable under the terms of the policy. The evidence showed that the plaintiff was 38 years old and was partially paralyzed. The jury found in favor of the plaintiff in the sum of $1500, and the defendant excepts to the overruling of its motion for a new trial. *Held:*

1. The provision of the policy that "the insured shall not be entitled to any benefits for sickness or accident unless he or she shall first furnish this company or its authorized agent a certificate by a regularly licensed and practicing physician (satisfactory to the company), showing the nature of the sickness or injury;" that such certificate should be furnished for each week during the continuance of the disability, and that the company would not accept as proof of sickness the certificate of a physician who had not actually attended the insured at his or her bedside, and that there must be an actual attendance for every certificate filed, did not operate to work a forfeiture of the policy upon the submission by the policyholder of a claim for weekly benefits certified by a physician who had not actually examined him, but operated merely to require such examination and certificate as a prerequisite to any action to recover benefits for any particular week. It appears, without dispute, that the premiums due the defendant company under

the contract had been paid, and that the company had refused to pay at least one claim for weekly benefits which was based upon a certificate by a physician who had actually examined the claimant, and that the company thereafter notified the plaintiff that the policy had been canceled. The court, therefore, did not err in instructing the jury that the plaintiff had complied with the conditions of the contract, and that the evidence showed a breach by the defendant which entitled the plaintiff to recover, leaving the jury to determine only the question of the amount which should be awarded the plaintiff.

2. Where mortality tables were introduced in evidence without objection, it was not error to instruct the jury that "only that part of the table that was introduced in evidence is for your consideration." If a further charge upon the use of the tables had been desired, a request therefor should have been presented.

3. The evidence authorized the finding in favor of the plaintiff, and it can not be here set aside for any reason assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 19, 1931.

*H. B. Moss,* for plaintiff in error.
*C. M. Dobbs, Morris, Hawkins & Wallace,* contra.

